IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHRYN THORPE,<br>Plaintiff,<br>v.<br><br>THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. d/b/a JEFFERSON HEALTH,<br>Defendant. | Case No. 2:25-cv-07167-JHS |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**


I. ARGUMENT ..... 1

A. Many of Plaintiff's Putative Class Claims Are Time-Barred ..... 1

B. Plaintiff Does Not State a Claim Under the ECPA ..... 2

C. Plaintiff Does Not State a Breach of Contract Claim ..... 4

D. Plaintiff Fails to State a Negligence Claim. ..... 6

E. Plaintiff Does Not Adequately Allege Intrusion Upon Seclusion ..... 8

F. Plaintiff Fails to State an Unjust Enrichment Claim. ..... 9

II. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adair v. Cigna Corp. Servs., LLC*,
No. CV 25-2384, 2026 WL 295744 (E.D. Pa. Feb. 4, 2026)....9

*Beltran v. Drs. Med. Ctr. of Modesto*,
No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467 (E.D. Cal. June 9, 2025)....5

*Blake v. JP Morgan Chase Bank NA*,
927 F.3d 701 (3d Cir. 2019)....2

*Brezinski v. Widener Univ.*,
582 F. Supp. 3d 257 (E.D. Pa. 2022)....7

*Cain v. Dep't of Pub. Welfare, Off. of Sec'y Reconsideration Unit*,
442 F. App'x 638 (3d Cir. 2011)....1

*Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*,
170 F. App'x 805 (3d Cir. 2006)....7

*China Agritech v. Michael H. Resh*,
584 U.S. 732 (2018)....2

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023), *aff'd as modified,* 148 F.4th 153 (3d Cir. 2025)....3

*Doe v. Lawrence Gen. Hosp.*,
No. 25-cv-10081-NMG, 2025 WL 2808055 (D. Mass. Aug. 29, 2025)....4

*Doe v. Post Acute Med., LLC*,
No. 1:24-CV-547, 2025 WL 511069 (M.D. Pa. Feb. 14, 2025)....7, 8, 10

*In re Facebook Internet Tracking Litig.*,
140 F. Supp. 3d 922 (N.D. Cal. 2015)....6

*Gjeka v. Delaware Cnty. Cmty. Coll.*,
No. CIV.A. 12-4548, 2013 WL 2257727 (E.D. Pa. May 23, 2013)....1

*In re Google Cookie Placement Litig.*,
806 F.3d 125 (3d Cir. 2015)....3

*Hartley v. Univ. of Chicago Med. Ctr.*,
No. 22 C 5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023)....8

*Jarzyna v. Home Properties, L.P.*,
No. CV 10-04191, 2013 WL 12155357 (E.D. Pa. Dec. 13, 2013) ........................................10

*Jenkins v. PetSmart, LLC*,
No. CV 23-2260, 2023 WL 8548677 (E.D. Pa. Dec. 11, 2023) ..............................................2

*K.L. v. Legacy Health*,
No. 3:23-CV-1886-SI, 2024 WL 4794657 (D. Or. Nov. 14, 2024)..........................................4

*List v. Jameson Mem'l Hosp.*,
No. 1457 WDA 2012, 2013 WL 11256398 (Pa. Super. Ct. Aug. 27, 2013) ............................8

*Lutz v. Pittsburgh Regional Transit*,
2026 WL 472058 (W.D. Pa. Feb. 19, 2026) ...........................................................................2

*McGuigan v. Am. Strategic Ins. Corp.*,
No. CV 25-01553, 2025 WL 1943389 (E.D. Pa. July 15, 2025)..............................................6

*In re Meta Pixel Healthcare Litigation*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ...............................................................................3, 9

*Murphy v. Thomas Jefferson Univ. Hosps., Inc.*,
No. CV 22-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023)............................................2, 7

*Opris v. Sincera Reproductive Medicine*,
No. CV 21-3072, 2022 WL 1639417 (E.D. Pa. May 24, 2022) ..........................................5, 6

*Penn-Dion Corp. v. Great Am. Ins. Co. of New York*,
No. CV 17-4634, 2019 WL 400543 (E.D. Pa. Jan. 31, 2019) ..............................................6, 7

*Pruchnicki v. Envision Healthcare Corp.*,
439 F. Supp. 3d 1226 (D. Nev. 2020)......................................................................................6

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) .....................................................................................8

*Santoro v. Tower Health*,
No. CV 22-4580, 2024 WL 1773371 (E.D. Pa. Apr. 24, 2024) ..........................................3, 7

*Smart v. Main Line Health*,
No. CV 22-5239, 2024 WL 2943760 (E.D. Pa. June 10, 2024) ..........................................3, 7

*Steinberg v. CVS Caremark Corp.*,
899 F. Supp. 2d 331 (E.D. Pa. 2012)..................................................................................8, 10

*Svenson v. Google Inc.*,
No. 13-CV-04080-BLF, 2016 WL 8943301 (N.D. Cal. Dec. 21, 2016) .................................6

Defendant Jefferson Health files this Reply in further support of its Motion to Dismiss Plaintiff's Class Action Complaint. In support thereof, Jefferson Health states as follows:

# I. ARGUMENT[1]

## A. Many of Plaintiff's Putative Class Claims Are Time-Barred

Plaintiff makes two arguments in an unsupported attempt to save putative class claims that are based on activity that *indisputably* pre-dates the applicable limitations periods. Neither does.

*First*, Plaintiff contends that *none* of the putative class claims are time-barred because "determining whether a claim is timely is inherently a fact-based determination." Opp. at 4. But Rule 12(b)(6) dismissal is warranted where "the allegations, taken as true, show that relief is barred by the applicable statute of limitations." *Cain v. Dep't of Pub. Welfare, Off. of Sec'y Reconsideration Unit*, 442 F. App'x 638 (3d Cir. 2011) (affirming Slomsky, J.). And Plaintiff fails to identify any *facts* that must be developed for this Court to determine which class claims are time-barred here. *See id.* (claims properly dismissed as time-barred where issue did not require "factual development"). The putative class claims should therefore be dismissed to the extent that they are premised on any alleged activity predating the applicable limitations periods – December 18, 2023, for the ECPA claim. *See, e.g. Gjeka v. Delaware Cnty. Cmty. Coll.,* No. CIV.A. 12-4548, 2013 WL 2257727, at *3 (E.D. Pa. May 23, 2013) (Slomsky, J.) (granting motion to dismiss "where the complaint facially shows noncompliance with the limitations period") (cleaned up).

*Second*, Plaintiff protests that the putative class claims survive because it is "well-established that 'the filing of a class action asserting federal claims tolls the running of the statute

---

[1] Plaintiff baldly asserts that Defendant "cannot offer any bona fide legal or ethical justification for its behavior [] or refute any of the material facts underlying Plaintiffs' claims." Opp. at 2. That is not true. If this matter proceeds beyond the motion to dismiss, which it should not, Jefferson Health Jefferson can – and will – refute Plaintiff's version of the facts giving rise to this dispute. It accepts Plaintiff's factual allegations as true – as it must – for purposes of this Motion alone.

of limitations applicable to those claims while the class action is pending.'" Opp. at 4 (quoting *Lutz v. Pittsburgh Regional Transit*, 2026 WL 472058, at *2 (W.D. Pa. Feb. 19, 2026)).[2] Both the Third Circuit and Supreme Court take the opposite view when addressing class claims. *See Blake v. JP Morgan Chase Bank NA,* 927 F.3d 701, 710 (3d Cir. 2019) ("[A] timely class action tolls its purported class members' individual claims, *but never their class claims*.") (citing *China Agritech v. Michael H. Resh*, 584 U.S. 732 (2018)) (emphasis added). Plaintiff's demand to toll the putative class claims should therefore be rejected.

### B. Plaintiff Does Not State a Claim Under the ECPA

Plaintiff's attempt to overcome the flaws in her ECPA claim are unavailing. She first hypothesizes that her communications with Jefferson Health constitute "content" under the ECPA because "visitors engage in substantive communications with Defendant, requesting and receiving information about specific healthcare-related topics of interest to them." Opp. at 12. But the *only* information Plaintiff pleads was intercepted *from her* is "her status as a Jefferson Health patient, the dates and times she logged-in to the MyChart patient portal, and the webpages she clicked and viewed related to her medical providers, conditions, and treatments." Compl., ¶ 148.[3]

That is not enough. To show the *contents* of her communications were intercepted, Plaintiff cannot simply allege that those communications related to her "medical symptoms, conditions, [] concerns, [and] medical appointments." *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. CV

[2] Plaintiff fails, however, to identify *any* case employing this "well-established" principle to toll class claims. *See Lutz*, 2026 WL 472058, at *2 (cited in Opp. at 4) (rejecting the argument that filing of putative class action "tolled the running of the statute of limitations for [plaintiff's] PHRA claim"); *Jenkins v. PetSmart, LLC*, No. CV 23-2260, 2023 WL 8548677, at *15 (E.D. Pa. Dec. 11, 2023) (cited in Opp. at 4) (striking class claims during stay pending arbitration).

[3] The surrounding paragraphs of the Complaint describe the treatment Plaintiff sought, but the Complaint does not allege that Plaintiff communicated any of this information to Jefferson Health via the web properties or that any of this information was actually intercepted by Meta.

22-4674, 2023 WL 7017734, at *3 (E.D. Pa. Oct. 10, 2023) (cleaned up). Instead, she must plead facts identifying the "*specific* communications" she believes were captured. *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 69 (W.D. Pa. 2023) (emphasis added), *aff'd as modified,* 148 F.4th 153 (3d Cir. 2025). Her failure to do so is fatal to her ECPA claim. *See Smart v. Main Line Health,* No. CV 22-5239, 2024 WL 2943760, at *3 (E.D. Pa. June 10, 2024) (dismissing ECPA claim because "Plaintiff has not alleged which specific web pages he clicked on for his medical condition or his history of treatment with Main Line Health" or "state[d] what specific HIPPA-protected information Plaintiff himself provided to Defendant via his browsing history that was subsequently disclosed to Meta"); *Santoro v. Tower Health*, No. CV 22-4580, 2024 WL 1773371, at *4 (E.D. Pa. Apr. 24, 2024) (dismissing ECPA claim lacking "specific examples of what HIPAA-protected information from plaintiffs was transferred to Meta").[4]

Plaintiff's efforts to shoehorn this case into the ECPA's crime-tort exception fare not better. Plaintiff advances the unsupported theory that "Defendant's act of *intercepting* individually-identifiable health information [under the ECPA] … is independent of its unlawful *disclosure* of that information" under HIPAA. Opp. at 8.[5] But *both* Jefferson Health's "interception" and "disclosure" point to the same underlying conduct – the transmission of data from Plaintiff directly

[4] Plaintiff cites a smattering of cases she believes support her claims. But the principal decision she relies upon – *In re Meta Pixel Healthcare Litigation*, 647 F. Supp. 3d 778 (N.D. Cal. 2022) – offers her no help. There, the complaint survived dismissal *because* it included specific search terms, paths, and query strings from website searches conducted by the plaintiffs. Such detail is wholly lacking here.

[5] As Jefferson Health explains in its Motion and Plaintiff concedes, the crime-tort exception only applies where the conduct violating the Wiretap Act is independent of the alleged crime or tort. *See In re Google Cookie Placement Litig*., 806 F.3d 125, 145 (3d Cir. 2015) (criminal or tortious acts contemplated by § 2511(2)(d) are "acts secondary to the acquisition of the communication involving tortious or criminal use of the interception's fruits").

to Meta.[6] And Plaintiff's mere incantation of the words "interception" and "disclosure" has no talismanic effect that splits the same act in two for legal purposes. This defeats Plaintiff's reliance on the ECPA's crime-tort exception. *See, e.g.*, *Doe v. Lawrence Gen. Hosp.,* No. 25-cv-10081-NMG, 2025 WL 2808055, at *13-14 (D. Mass. Aug. 29, 2025) (requiring Plaintiff to identify "a criminal or tortious purpose that is independent of the interception itself"), and other decisions cited in Opening Br. at 10-12.

Moreover, even if it didn't, Plaintiff again fails to adequately allege that Jefferson Health acted with a criminal purpose. *See* Opp. at 8-10. To the contrary, her Complaint concedes that Jefferson Health used the Meta technology, "for its own commercial purposes that include understanding how people use its website and determining what ads people see on its website." CAC ¶ 76. As the numerous cases cited in the Motion show, Opening Br. at 14-15, that is not enough to invoke the crime-tort exception. Plaintiffs' ECPA claim should be dismissed.

### C. Plaintiff Does Not State a Breach of Contract Claim

Plaintiff advances three unpersuasive arguments in an effort to avoid dismissal of her breach of contract claim. None has merit.

*First*, Plaintiff asserts that she adequately pleads mutual assent because "Jefferson Health requires patients who use its website to agree to the 'Terms and Conditions.'" Compl., ¶ 194. Plaintiff fails, however, to explain *how* such "agreement" occurred. She does not, for example, assert that she "relied upon … [the Terms and Conditions] before engaging Defendant's services." *K.L. v. Legacy Health*, No. 3:23-CV-1886-SI, 2024 WL 4794657, at *8 (D. Or. Nov. 14, 2024).

---

[6] *See* Compl., ¶ 31 ("When a patient clicks a button to register for, or logs into or out of, a 'secure' patient portal, Meta's source code commands the patient's computing device to send the content of the patient's communication to Meta."); ¶ 57 (alleging that JavaScript code on the Jefferson Health web properties "commands a patient's browser or application to re-direct Event Data through the HTTPS protocol to Meta at a Meta 'endpoint'").

Nor does she "allege [she] reviewed [Jefferson Health's Terms and Conditions] prior to using the Website." *Beltran v. Drs. Med. Ctr. of Modesto*, No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467, at *12 (E.D. Cal. June 9, 2025). Absent such allegations, the mutual assent required to sustain Plaintiff's breach of contract claim is lacking.

*Second*, Plaintiff contends that consideration is adequately pled because she "received [it] in the form of medical information … , while Defendant received consideration in the form of access to disclosed types of 'personal information.'" Opp. at 17. This theory is insufficient, however, where Plaintiff fails to allege *facts* demonstrating that she *actually* "provided [her personal information] to Defendant." *Beltran*, 2025 WL 1635467, at *12.

*Third*, Plaintiff touts the fact that "the Complaint … alleges that Defendant's breach of contract caused Plaintiff and the Class members six types of damages." Opp. at 18. But Plaintiff does not explain why these "harms" are sufficient to survive a motion to dismiss. Instead, she cites to this Court's decision in *Opris* and contends that it conclusively establishes that she "suffered damages relating to the 'loss of value to [her] PII and PHI.'" *Id.* at 19 (quoting *Opris v. Sincera Reproductive Medicine*, 2022 WL 1639417, at *1 (E.D. Pa. May 24, 2022)).

*Opris*, however, is far different from this case. There, when addressing a negligence claim premised on a cyber extortion attack, this Court noted that those who "affirmatively collect sensitive information owe a duty to exercise reasonable care to protect *against the foreseeable harm of a data breach*." *Id*. at *4 (emphasis added). Relying on that duty, it then concluded that mitigation costs (identity theft protection and credit monitoring) created the damages required to plead a negligence claim. *Id*. at *7.[7] It also noted – without holding – that "several courts have

[7] Unlike *Opris*, Plaintiff does not allege any economic loss from purchasing credit and identity theft monitoring services after a data breach, or lost time related to identity protection efforts. *Id.* at *7.

recognized the property value of personal information" as a viable damages theory. *Id.*

Critically, even the courts which recognize this theory have held that a plaintiff does not adequately allege such an injury without showing that she "personally lost the opportunity to sell [her] information or . . . the value of [her] information was somehow diminished." *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930-32 (N.D. Cal. 2015); *Svenson v. Google Inc.*, No. 13-CV-04080-BLF, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016) (requiring plausible allegations of the "existence of a market for her personal information" and "impairment of her ability to participate in that market"). Here, however, Plaintiff does not allege that she has been impaired from participating in any market for the sale of her data; explain how the alleged interception of this data diminished its value; or assert that she intended to sell her data. *Cf. Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1235 (D. Nev. 2020) ("there are no specific allegations that plaintiff has been unable to sell, profit from, or otherwise monetize her personal information" or "suggesting how the value of her personal information has been reduced"). Her failure to do so compels dismissal of her contract claim.

### D. Plaintiff Fails to State a Negligence Claim

Plaintiff abandons her argument that Jefferson Health's alleged violations of PHIPA and HIPAA give rise to any negligence claim. She instead protests that this claim must go forward because she believes Jefferson Health's privacy policies create tort duties. Plaintiff has it wrong in three ways.

To begin, "the gist of the action doctrine prohibits a plaintiff from bringing a tort claim that simply reproduces a claim for breach of contract." *McGuigan v. Am. Strategic Ins. Corp.*, No. CV 25-01553, 2025 WL 1943389, at *5 (E.D. Pa. July 15, 2025) (Slomsky, J.) (cleaned up). Rather, to state a negligence claim, a plaintiff must plead facts showing "defendant's violation of a broader social duty owed to all individuals." *Penn-Dion Corp. v. Great Am. Ins. Co. of New York*, No. CV

17-4634, 2019 WL 400543, at *12 (E.D. Pa. Jan. 31, 2019) (Slomsky, J.) (cleaned up). Plaintiff does not identify any such duty here. Instead, she simply relies on the (unenforceable) privacy statements she contends support her contract claim. *See* Opp. at 20 n.19. This alone compels dismissal. *See Brezinski v. Widener Univ.*, 582 F. Supp. 3d 257, 268 (E.D. Pa. 2022) (failed contract claim barred tort claim under gist of the action doctrine because the alleged "contract between Plaintiff and [Defendant] is not incidental to the wrong complained of"); *Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 170 F. App'x 805, 809 (3d Cir. 2006) ("[T]here is nothing inconsistent or illogical about finding that a failed attempt to allege a breach of a duty in tort is actually a failed attempt to allege a breach of contract duty.").

Moreover, even if there were such a duty (there is not), Plaintiff does not allege facts demonstrating that Jefferson Health *caused* her damages. Plaintiff asserts – in conclusory fashion – that "Defendant's transmission of Plaintiff's individually-identifiable health information from its web properties to Meta was a 'substantial cause' of Plaintiff's harm." Opp. at 22-23. Plaintiff fails, however, to provide *any* "details about the … the content, timing, or number of" *her* alleged communications with Jefferson Health. *Murphy*, 2023 WL 7017734, at *5. Absent "specific allegations about what information plaintiffs searched on the website (and the consequences of those searches), plaintiff[] ha[s] not adequately plead causation." *Santoro*, 2024 WL 1773371, at *6; *Doe v. Post Acute Med., LLC*, No. 1:24-CV-547, 2025 WL 511069, at *7 (M.D. Pa. Feb. 14, 2025) (dismissing negligence claim on same ground); *Smart*, 2024 WL 2943760, at *4 (same).

Finally, Plaintiff fails to plead the actual damages required to state a negligence claim. Plaintiff vaguely asserts that this claim should survive dismissal because she "do[es] not have to plead damages with specificity," and has alleged "a loss of the full value of healthcare services for which she paid … ; being deprived of the value Defendant should have paid for putting her

individually-identifiable health information to various commercial uses; and diminishing the value of her property rights in her individually-identifiable health information." Opp. at 24. Such "harms" are "too vague and conclusory to survive." *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 898 (C.D. Cal. 2024) (holding that each of these harms is insufficient to survive dismissal in pixel litigation); *Post Acute Med.,* 2025 WL 511069, at *6 ("decreased value of personal information; loss of the benefit of the bargain; and increased risk of future harm" were each too conclusory to adequately plead damages). Plaintiff's negligence claim should be dismissed.

### E. Plaintiff Does Not Adequately Allege Intrusion Upon Seclusion

Plaintiff cannot overcome the defects in her intrusion upon seclusion claim. In hopes to do so, she first argues that it does not matter that she voluntarily shared her information with Jefferson Health because she "plausibly claims a reasonable expectation that communications on Defendant's web properties would be private and confidential." Opp. at 26. But Pennsylvania law is clear: "[L]iability for intrusion upon seclusion cannot exist where a defendant legitimately obtains information from a plaintiff. This is so even where those facts voluntarily offered are later disclosed to a third party." *Steinberg v. CVS Caremark Corp*., 899 F. Supp. 2d 331, 342-43 (E.D. Pa. 2012). Plaintiff's intrusion upon seclusion claim thus fails out the gate. *See List v. Jameson Mem'l Hosp*., No. 1457 WDA 2012, 2013 WL 11256398, at *4 (Pa. Super. Ct. Aug. 27, 2013) (dismissing intrusion upon seclusion claim because "[Defendant] is not accused of improperly discovering [Plaintiff's] medical condition, but of disclosing it"); *Hartley v. Univ. of Chicago Med. Ctr.*, No. 22 C 5891, 2023 WL 7386060, at *3 (N.D. Ill. Nov. 8, 2023) ("Since Plaintiff is complaining about what she thinks UCMC told Facebook, her complaints are with the publication, and not any intrusion.").

Plaintiff next seeks to sidestep the consent she provided by arguing that "Defendant's Website Privacy Policy did not disclose the[] specific actions Plaintiff challenges." Opp. at 30.

That is incorrect. Plaintiff alleges that Jefferson Health monitored "her status as a Jefferson Health patient, the dates and times she logged-in to the MyChart patient portal, and the webpages she clicked and viewed related to her medical providers, conditions, and treatments." Compl., ¶ 148. This is the exact information the Privacy Policy warns might be tracked and disclosed. *See* Declaration of Christian Small, Exhibits 1 and 2 ("We or our vendors [including Facebook] may use … pixels … [to] collect certain information, such as device identifiers, your IP address, other unique identifiers, all of the areas within the Sites that you visit, and the length and time of the visit.").

Unable to escape the reach of this provision, Plaintiff invokes *In re Meta Pixel Healthcare Lit.* to save her claim. There, however, the court found that *Meta*'s privacy policy was insufficient to establish consent because it did not "specifically indicate that Meta may acquire *health data* obtained from Facebook users' interactions with their *medical providers' websites*." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 793 (emphasis in original). Conversely here, Jefferson Health expressly warned that its vendors – including Facebook – may collect Plaintiff's information from *Jefferson Health's* website. That unambiguous consent provision defeats this claim. *See Adair v. Cigna Corp. Servs., LLC,* No. CV 25-2384, 2026 WL 295744, at *15 (E.D. Pa. Feb. 4, 2026) ("One cannot intrude when one has permission, so Plaintiffs' intrusion claim will fail if they gave Defendants permission to track, collect, and, share their data.").

### F. Plaintiff Fails to State an Unjust Enrichment Claim

The defects in Plaintiff's unjust enrichment claim are fundamental. Plaintiff asserts without support that her personal information has "value," Opp. at 33, but makes no effort to explain *why* she had any "reasonable expectation of being compensated for [her] information." *Steinberg*, 899 F. Supp. 2d at 342. She claims that Jefferson Health "gain[ed]" substantial financial benefits at Plaintiff's expense," Opp. at 33, but does not point to any *facts* showing "that Jefferson Health

ever sold the Plaintiff's data." Opening Br. at 29 (collecting cases); *Post Acute Med., LLC*, 2025 WL 511069, at *9 (dismissing unjust enrichment claim for failure to plead specific facts regarding what material benefit plaintiff conferred to defendant). And she lists the injuries she believes she suffered, Opp. at 32, but does not explain *why* such damages may be recovered in a claim for unjust enrichment. *See Jarzyna v. Home Properties, L.P.*, No. CV 10-04191, 2013 WL 12155357, at *1 n.2 (E.D. Pa. Dec. 13, 2013) ("Courts applying Pennsylvania law appear to understand 'conferral of benefit' to require that the defendant is in possession of something of value that, equitably, should actually be ***returned*** to the plaintiff.") (citation omitted, emphasis added). Simply put, Plaintiff does not plead the elements required to sustain her unjust enrichment claim. It should be dismissed.

## II. CONCLUSION

For the foregoing reasons, and those set forth in the Motion, Jefferson Health respectfully asks the Court to dismiss the Class Action against it with prejudice.

Dated: March 16, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Jackson D. Teague*
Edward J. McAndrew (Pa Bar No. 77103)
Jackson D. Teague (Pa Bar No. 333613)
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
jteague@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Elizabeth A. Scully (*PHV* pending)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500
F: (202) 861-1783

*Attorneys for Defendant Thomas Jefferson University Hospitals, Inc. d/b/a/ Jefferson Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March 2026, I electronically filed the foregoing Reply in Further Support of Defendant's Motion to Dismiss Plaintiff's Class Action Complaint with the Court using the CM/ECF system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

*/s/ Jackson D. Teague*
Jackson D. Teague
PA Bar No. 333613
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
jteague@bakerlaw.com
T: (215) 564-1362