IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHRYN THORPE,<br>Plaintiff,<br>v.<br><br>THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. d/b/a JEFFERSON HEALTH,<br>Defendant. | Case No. 2:25-cv-07167-CMR |

**JEFFERSON HEALTH'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, INTERLOCUTORY APPEAL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. ARGUMENT ........ 2

A. Plaintiff's Request for Reconsideration Should Be Denied ........ 2

B. Leave to File an Interlocutory Appeal Is Not Warranted ........ 6

IV. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*,
435 F.3d 396 (3d Cir. 2006)....................1, 5

*Blake v. JP Morgan Chase Bank NA*,
927 F.3d 701 (3d Cir. 2019)....................1, 3, 4

*Brayfield v. Advanced Hair Restoration LLC*,
No. 2:25-CV-11547-ODW (ASX), 2026 WL 2138552 (C.D. Cal. July 24, 2026) ....................5

*China Agritech, Inc. v. Resh*,
584 U.S. 732 (2018)....................4

*Cuttic v. Crozer-Chester Med. Ctr.*,
806 F. Supp. 2d 796 (E.D. Pa. 2011) ....................6

*Domus BWW Funding, LLC v. Arch Ins. Co.*,
No. 2:23-CV-00094-JDW, 2024 WL 2707013 (E.D. Pa. Jan. 8, 2024) ....................6

*In re Generic Pharms. Pricing Antitrust Litig.*,
No. 16-MD-2724, 2026 WL 1333808 (E.D. Pa. May 13, 2026)....................6, 7

*Gupta v. Wipro Ltd.*,
749 F. App'x 94 (3d Cir. 2018) ....................4

*Jackson v. Rohm & Haas Co.*,
No. CIV.A. 05-4988, 2007 WL 2916396 (E.D. Pa. Oct. 5, 2007)....................7

*L.R. v. Manheim Twp. Sch. Dist.*,
540 F. Supp. 2d 603 (E.D. Pa. 2008) ....................7

*Moore v. Johnson & Johnson*,
No. CIV.A. 12-490, 2013 WL 5298573 (E.D. Pa. Sept. 20, 2013) ....................6

*Moore v. Pennsylvania*,
No. 22-1945, 2022 WL 7375509 (3d Cir. Oct. 13, 2022)....................3

*Murphy, et al. v. Thomas Jefferson University Hospital, Inc.*,
No. 2:22-cv-04674-CMR (E.D. Pa. Nov. 22, 2022).................... *passim*

*Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*,
730 F.3d 263, 277 (3d Cir. 2013). ....................5

*Ruttle v. Brady*,
No. 22-3000, 2023 WL 5554648 (3d Cir. Aug. 29, 2023) ....................................................3

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
181 F.3d 410 (3d Cir. 1999)....................................................................................1, 3, 4

*Samp v. JP Morgan Chase Bank, N.A.*,
No. EDCV 11-1950, 2013 WL 1912869 (C.D. Cal. May 7, 2013) .......................................4

*Taksir v. Vanguard Grp., Inc.*,
273 F. Supp. 3d 539 (E.D. Pa. 2017) ...............................................................................3

**Statutes**

28 U.S.C. § 1292(b) ...............................................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................3

## I. INTRODUCTION

Plaintiff raises three arguments in support of her request that the Court reconsider – or certify for interlocutory appeal – its Order dismissing her ECPA, negligence, and invasion of privacy claims. The Third Circuit has rejected each of them. Plaintiff first contends that the Court improperly went beyond the four corners of her complaint when it took judicial notice of the claims her counsel raised in *Murphy*. But Third Circuit courts have long "look[ed] at public records, including judicial proceedings" when dismissing claims as time-barred. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Next, Plaintiff argues that *American Pipe* tolls her class claims because the *Murphy* Action was dismissed before any ruling on certification. Under *Blake*, however, "a timely class action tolls its purported class members' individual claims, but never their class claims." *Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 710 (3d Cir. 2019). Finally, Plaintiff protests that the filing of *Murphy* was itself insufficient to put her on notice of her claims. Plaintiff ignores that inquiry notice arises whenever an individual "either was or should have been able, in the exercise of reasonable diligence, to file an adequately pled … complaint." *Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 (3d Cir. 2006). Plaintiff's counsel plainly had enough information to pursue these claims when he raised substantively identical allegations four years ago in *Murphy*.

Each of Plaintiff's arguments is thus barred by binding precedent. That precedent forecloses Plaintiff from establishing the clear error of law required to mandate reconsideration and the substantial ground for difference of opinion necessary to warrant an interlocutory appeal. Plaintiff's Motion should be denied in its entirety.

## II. BACKGROUND

This dispute does not come to the Court on a clean slate. On November 22, 2022, Plaintiff's counsel filed a putative class action alleging that Jefferson Health violated the ECPA, acted negligently, and invaded plaintiffs' privacy by deploying ubiquitous analytics tools on its website. *See Murphy, et al. v. Thomas Jefferson University Hospital, Inc.*, No. 2:22-cv-04674-CMR (E.D. Pa. Nov. 22, 2022), Dkt. 1. The Court later dismissed that action after it became clear that the plaintiffs lacked standing to pursue their claims. *Murphy*, 2025 WL 3650729, at *7.

Plaintiff's counsel responded by filing this lawsuit. Plaintiff does not dispute that she now asserts the same claims raised in *Murphy* based on substantively identical allegations. *See* Dkt. 1. Because those claims accrued, at the latest, when Plaintiff's counsel commenced the *Murphy* Action, Jefferson Health moved to dismiss them as time-barred. On August 3, 2026, the Court granted Jefferson Health's Motion in part, dismissing Plaintiff's ECPA, invasion of privacy, and negligence claims because "the latest possible date on which Plaintiff knew or reasonably should have known that she was injured is the date these claims were raised in the *Murphy* case." Dkt. 25 at 11. Plaintiff now seeks reconsideration of that ruling or, alternatively, leave to file an interlocutory appeal.

## III. ARGUMENT

### A. Plaintiff's Request for Reconsideration Should Be Denied

Plaintiff must clear a high bar to establish her right to reconsideration. As this Court explained in *Tasik*:

> A party seeking reconsideration must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion...or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court. Reconsideration is not permitted simply to allow a second bite at the apple.

*Taksir v. Vanguard Grp., Inc.*, 273 F. Supp. 3d 539, 543–44 (E.D. Pa. 2017) (cleaned up).

Plaintiff makes four arguments in hopes to satisfy this standard. None does. ***First***, she repeats her contention that "deciding the timeliness of her claims is an inherently fact-based determination not capable of resolution on a motion to dismiss." Br. at 2. Yet Plaintiff's own authority holds that "the Third Circuit allows a statute of limitations defense to be raised by motion under Rule 12(b)" so long as "the timeliness issue [is] apparent from the face of the complaint." *Ruttle v. Brady*, No. 22-3000, 2023 WL 5554648, at *1 (3d Cir. Aug. 29, 2023) (cited in Br. at 2).

Rather than dispute this, Plaintiff instead argues – for the first time – that the Court improperly looked beyond the complaint when it took "judicial notice of the *Murphy* case filing." Br. at 3.[1] Not so. The Third Circuit has long allowed courts to consider "public records, including judicial proceedings" when evaluating whether a claim should be dismissed as time-barred. *S. Cross Overseas Agencies, Inc.*, 181 F.3d at 426; *Moore v. Pennsylvania*, No. 22-1945, 2022 WL 7375509, at *2 (3d Cir. Oct. 13, 2022) (taking "judicial notice" of a "trial court's public docket" when dismissing time-barred claims under Rule 12(b)(6)). Plaintiff is wrong to argue otherwise.

***Second***, Plaintiff repeats her belief that "*American Pipe* tolling applies to subsequently-filed class action claims so long as class certification has not been denied." Br. at 8. Binding precedent forecloses that argument. In *Blake*, upon which Plaintiff purports to rely, the first-filed class action never reached certification; the court instead "dismissed [it] as untimely" under Rule 12(b)(6). *Blake*, 927 F.3d at 704 (citing *Samp v. JP Morgan Chase Bank, N.A.*, No. EDCV 11-

---

[1] Plaintiff passingly claims that the Court exceeded the four corners of the Complaint when it drew "conclusions about Plaintiff's knowledge of that filing." Br. at 3. But the Court merely held that "the latest possible date on which Plaintiff knew *or reasonably should have known* that she was injured is the date these claims were raised in the *Murphy* case." Op. at 11 (emphasis provided). Plaintiff's claim that the Court drew conclusions about her knowledge is factually incorrect.

1950, 2013 WL 1912869, at *2 (C.D. Cal. May 7, 2013)). Even so, the Third Circuit held that "courts may not toll new class actions under *American Pipe*, period." *Id.* at 709 (citing *China Agritech, Inc. v. Resh*, 584 U.S. 732, 740 (2018)). Plaintiff's reliance on *American Pipe* is thus misplaced.

***Third***, Plaintiff claims that this Court failed to adequately address her "specific additional allegations that, because of Defendant's conduct, she could not have known – and, in fact, did not know – that Defendant was capturing or sharing her private medical information." Br. at 5. But this Court was permitted to review the *Murphy* Complaint "to see if it contradicts the complaint's legal conclusions or factual claims." *S. Cross Overseas Agencies, Inc.*, 181 F.3d at 427 (dismissing complaint as time-barred based on judicially noticed legal filing). And that Complaint – which raises the very allegations that Plaintiff now asserts – dispels any claim that she "could not have known" of her injuries by the Fall of 2022. The Court was under no obligation to credit "allegations [] contradicted by … matters subject to judicial notice." *Gupta v. Wipro Ltd.*, 749 F. App'x 94, 97 (3d Cir. 2018) (cleaned up).

***Fourth***, Plaintiff argues that the Court improperly assumed "that the filing of a lawsuit, without more, broadly and automatically imputes all putative class members with knowledge of previously-filed claims." Br. at 5. Plaintiff misunderstands the Order. The Court did not hold that the *Murphy* lawsuit by itself put Plaintiff on inquiry notice. Instead, it found that "the filing of the *Murphy* class action asserting largely the same claims against Jefferson Health negates Plaintiff's allegation that the alleged violations were not previously discoverable through the exercise of due diligence." Op. at 10 (cleaned up). In other words, the *Murphy* complaint alone did not supply the facts required to establish inquiry notice; it instead demonstrated that they were already available to a diligent Plaintiff. *See Benak*, 435 F.3d at 401 (inquiry notice arises whenever

"a plaintiff either was or should have been able, in the exercise of reasonable diligence, to file an adequately pled … complaint as of an earlier date"); *Brayfield v. Advanced Hair Restoration LLC*, No. 2:25-CV-11547-ODW (ASX), 2026 WL 2138552, at *4 (C.D. Cal. July 24, 2026) (dismissing pixel class action as time-barred after taking judicial notice of documents establishing that plaintiff "could have discovered [defendant's] alleged privacy violations as early as November 2022").

Plaintiff does not grapple with this fact. Nor does she identify a clear error in the Court's conclusion that "the existence of the previous lawsuit, brought by her own counsel, was … discoverable to her through the exercise of reasonable diligence." Op. at 11. Instead, Plaintiff argues that the statute of limitations remained tolled because there is no "evidence suggesting the allegations or claims in the *Murphy* case received any media attention or were broadly disseminated, publicized, or known by anyone." Br. at 6.[2] That misses the point. Inquiry notice arises when a party files "a class action complaint …. asserting claims … that [are] substantially similar to" the ones Plaintiff now brings. *Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 277 (3d Cir. 2013). And it is undisputed that Plaintiff's own counsel filed a complaint asserting substantially similar putative class claims in 2022. *Benak*, 435 F.3d at 401. This puts an end to Plaintiff's argument that she was without inquiry notice when *Murphy* was filed. Her demand for reconsideration on this basis should therefore be denied.

---

[2] Despite Plaintiff's contrary assertions, Jefferson's alleged use of these analytics technologies received significant media attention in 2022. *See Facebook Is Receiving Sensitive Medical Information from Hospital Websites,* The Markup (June 16, 2022), https://themarkup.org/pixel-hunt/2022/06/16/facebook-is-receiving-sensitive-medical-information-from-hospital-websites (naming Jefferson Health as an entity deploying the Meta pixel). On a motion to dismiss a claim as time-barred, this Court may take judicial notice of media "articles" in order to "indicate what was in the public realm at the time." *Benak*, 435 F.3d at 401.

### B. Leave to File an Interlocutory Appeal Is Not Warranted

Plaintiff next seeks leave to file an interlocutory appeal. "28 U.S.C. § 1292(b) allows a district court to grant a request to certify a matter for interlocutory appeal if it concerns (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-MD-2724, 2026 WL 1333808, at *3 (E.D. Pa. May 13, 2026) (Rufe, J.) (cleaned up). "Such certification is the exception and should be granted only in the rare case where an immediate appeal would avoid expensive and protracted litigation. The moving party bears the burden of showing exceptional circumstances to justify a departure from the basic policy against piecemeal litigation." *Domus BWW Funding, LLC v. Arch Ins. Co.*, No. 2:23-CV-00094-JDW, 2024 WL 2707013, at *2 (E.D. Pa. Jan. 8, 2024). Plaintiff cannot carry that burden for two reasons here.

***First,*** there is no controlling question of law for which there is a substantial ground for difference of opinion. Such grounds arise where "there is genuine doubt or conflicting precedent as to the correct legal standard." *Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 2d 796, 805 (E.D. Pa. 2011) (cleaned up). To the contrary here, Third Circuit authority forecloses each position Plaintiff advances. *See supra* at 3-5. This alone brings her request for certification to its end. *See, e.g.*, *Karlo v. Pittsburgh Glass Works, LLC*, No. 2:10-CV-1283, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014) ("A party's strong disagreement with the Court's ruling does not constitute a substantial ground for difference of opinion.") (cleaned up); *Moore v. Johnson & Johnson*, No. CIV.A. 12-490, 2013 WL 5298573, at *9 (E.D. Pa. Sept. 20, 2013) (refusing to certify interlocutory appeal where "plaintiffs have demonstrated no intracircuit split on this issue").

***Second***, Plaintiff cannot show that an interlocutory appeal will advance this case. Plaintiff argues that this factor favors certification because "the discovery, litigation, and trial of her claims

will be substantially more efficient and streamlined if all her claims proceed together, rather than piecemeal, now and after the resolution of a final appeal." Br. at 9-10. Plaintiff has it backwards. Where – as here – a dispute "will go to discovery irrespective of whether [certain] claims are dismissed … allowing for an interlocutory appeal would delay, not advance, the termination of the litigation." *Jackson v. Rohm & Haas Co.*, No. CIV.A. 05-4988, 2007 WL 2916396, at *1 (E.D. Pa. Oct. 5, 2007). This too compels the Court to deny Plaintiff's request for certification. *See In re Generic Pharms. Pricing Antitrust Litig.*, 2026 WL 1333808, at *6 ("Courts generally do not certify a question for interlocutory appeal when a successful appeal will not terminate the litigation."); *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) ("Courts in overwhelming numbers have denied petitions for interlocutory appeals when a successful appeal would not narrow or dispose of issues in the case.").

## IV. CONCLUSION

For the foregoing reasons, Jefferson Health respectfully requests that the Court deny Plaintiff's Motion in its entirety.

.

Dated: August 31, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Scully*
Edward J. McAndrew (Pa Bar No. 77103)
Jackson D. Teague (Pa Bar No. 333613)
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
jteague@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Elizabeth A. Scully
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500
F: (202) 861-1783

*Attorneys for Defendant Thomas Jefferson University Hospitals, Inc. d/b/a/ Jefferson Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August 2026, I electronically filed the foregoing document with the Court using the CM/ECF system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully