**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CATHRYN THORPE,**<br>**Plaintiff,**<br>**v.**<br><br>**THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. d/b/a JEFFERSON HEALTH,**<br>**Defendant.** | **Case No. 25-cv-7167-CMR** |

**REPLY IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR RECONSIDERATION OR,**
**IN THE ALTERNATIVE, INTERLOCUTORY APPEAL**

Cathryn Thorpe ("Plaintiff") respectfully submits the following Reply in support of her pending Motion for Reconsideration or, in the Alternative, Interlocutory Appeal [Doc. 27].

## I. REPLY ARGUMENT

### A. The Court Failed To Follow Binding Precedent Holding Limitation And Tolling Issues Should Not Be Decided On A Motion To Dismiss

Binding Third Circuit precedent dictates that district courts may decide statute of limitations issues on a motion to dismiss only if a claim's lack of timeliness is "apparent on the face of the complaint." Motion, p.2, *citing Ruttle v. Brady*, 2023 WL 5554648, *1 (n.3) (3d Cir. Aug. 29, 2023); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) [Doc. 27-1]. Defendant has cited additional Third Circuit authority suggesting district courts can also take judicial notice of public records "including judicial proceedings" in deciding motions to dismiss. Def. Opp., p.3 [Doc. 29], *citing Moore v. Pennsylvania,* 2022 WL 7375509, *2 (3d Cir. Oct. 13, 2022). While legally correct, Defendant's assertion neither completely shifts the nature or scope of a district court's statute of limitations analysis nor explains away this Court's error in applying it. An illustration makes the point.

In Defendant's cited case, the Third Circuit affirmed a district court's dismissal of "claims of false arrest and false imprisonment" as time barred. *Moore,* 2022 WL 7375509 at *2. Because the limitations period for these claims "begins to run when the plaintiff is detained pursuant to legal process," the Third Circuit supported the district court in taking judicial notice of the plaintiff's commitment order to establish the date he was detained and, from there, count the days to his complaint filing to assess the timeliness of his claims. *Id.* The Court's holding only makes sense: the plaintiff in *Moore* obviously knew that he was arrested and when. But the nature of this Court's limitations analysis, and corresponding knowledge it imputed onto Plaintiff, far exceeds these rote bounds.

Unlike *Moore*, the limitations period for Plaintiff's claims is not set as a matter of law with reference to the date the *Murphy* complaint was filed. This Court went much further than simply counting the days from the *Murphy* complaint to Plaintiff's filing date to find Plaintiff's ECPA, negligence, and privacy claims untimely. Instead, it considered the "claims [] raised in the *Murphy* case" and the identity of counsel in both cases (*i.e.,* that *Murphy* was "brought by her own counsel")[1] to draw mixed conclusions of law and fact that imputed Plaintiff with constructive knowledge of the fact of her injury and the existence of her claims on November 22, 2022.[2] Aug. 3, 2026 Opinion, p.11 [Doc. 25]. By considering facts, engaging in legal analysis, and reaching

---

[1] There is no evidence that Ms. Thorpe had retained, or even knew, her lawyers when *Murphy* was filed (she didn't). More significantly, the Court's ruling begs the question of whether it would have reached a different result if Mr. Thorpe had retained different counsel to pursue her claims.

[2] To highlight the error (and lack of fairness) inherent to the Court's ruling, Plaintiff notes that Thomas Jefferson University Hospitals, Inc. was an unrepresented party in *Murphy* as of December 8, 2022, and did not make a filing in that case (a motion for extension of time) until January 4, 2023 – meaning the Court has imputed Ms. Thorpe with knowledge of the *Murphy* filing up to 43 days before either the defendant or its lawyers. *See Murphy v. Thomas Jefferson Univ. Hospitals, Inc.*, E.D. Pa. Case No. 22-cv-4674, Dec. 8, 2022 Docket Entry and Jan. 4, 2023 Extension Motion [Doc. 10].

conclusions well beyond the scope of judicial notice the Third Circuit allows in this context, this Court committed clear error supporting reconsideration.

Relatedly, to the extent this Court *should* have examined facts "apparent on the face of the complaint" to assess the timeliness of Plaintiff's claims, it also erred. This Court's Opinion failed to address or consider extensive factual allegations in Plaintiff's Amended Complaint that explain exactly how and why Plaintiff could not have discovered – and, in fact, did not discover – that Defendant had secretly shared her private medical information with Meta. Reconsideration Memo, pp.2-5 [Doc. 27-1], *citing* Complaint, ¶4-14, ¶161-164 [Doc. 1]. Had the Court properly considered these facts, consistent with Third Circuit precedent, it would have found Plaintiff's ECPA, negligence, and privacy claims timely for lack of any basis to impute her with knowledge of these claims and injuries in November 2022. This Court's failure to consider relevant allegations appearing "on the face of the complaint" in analyzing the timeliness of her claims at the motion to dismiss stage also constitutes clear error justifying reconsideration.[3]

### B. The Court Erred By Misapplying The Discovery Rule And, Without More, Imputing Plaintiff With Personal Knowledge Of Her Claims Because Of Another Case Filed By Someone Else Three Years Earlier

Plaintiff filed her Complaint on December 18, 2025. Complaint [Doc. 1]. This pleading includes two types of allegations relevant to the Court's timeliness, limitations, and discovery rule analysis.[4] Against these allegations, the Court took judicial notice of the *Murphy* complaint filing

[3] Defendant does not directly address or refute Plaintiff's argument that the Court failed to consider material facts directly relevant to its tolling, discovery rule, and imputed knowledge analysis, further supporting this conclusion. *See* Def. Opp. at p.4 [Doc. 29].

[4] The first type of allegations include facts establishing the elements of Plaintiff's claims, including that she: opened a Facebook account before 2018 and continuously maintained this account to the present; has been a Jefferson Health patient since before 2018; created an account on Defendant's web properties before 2018; sought and received specific types of medical care from identified providers during the relevant period; and contemporaneously engaged in specified communications on Defendant's web properties that resulted in the content and characteristics of

on November 22, 2022 and applied an "inquiry notice approach" that – as of that day – imputed Plaintiff with knowledge of the *Murphy* filing, the underlying facts, an understanding she had been injured the same way as Ms. Murphy, and that Defendant had caused her injuries. August 3, 2026 Opinion at pp. 10-11 [Doc. 25].

Plaintiff's Motion cites binding Third Circuit precedent that holds whether a plaintiff has exercised reasonable diligence for discovery rule purposes is inherently subjective so, on a motion to dismiss, district courts can impute knowledge of well-known or highly publicized facts, but not obscure or unpublicized facts. Reconsideration Memo at pp.5-6 [Doc. 27-1], *citing Massey v. Superintendent Coal Twp. SCI,* 2021 WL 2910930, *3 (3d Cir. July 12, 2021); *Adams v. Zimmer US, Inc.,* 943 F.3d 159, 163 (3d Cir. 2019); *Blanyar v. Genova Prods. Inc.,* 861 F.3d 426, 432 (3d Cir. 2017). Defendant's Opposition barely touches this point, only implying this Court properly imputed knowledge of the *Murphy* complaint to Plaintiff because it is allowed to take judicial notice of filings. Def. Opp. at p.4 [Doc. 29], *citing Gupta v. Wipro Ltd.,* 749 F. App'x 94, 97 (3d Cir. 2018). But taking judicial notice of a fact is a far cry from imputing knowledge of that fact to the public at large. For example, a district court can take judicial notice that Ngerulmud is the capital of Palau, that March 23, 2014 was a Sunday, and that the first 10 digits of pi (π) are 3.141592653, but cannot impute knowledge of these facts on a specific person absent a showing the individual fairly and reasonably *should* know them.

---

protected communications being sent to Meta without her knowledge or consent and used for commercial purposes. Complaint, ¶¶5, 74-76, 145-150 [Doc. 1]. The second type of allegations include facts demonstrating Plaintiff had no way to know – and did not know – about Defendant's Meta pixel use, because: her PHI is protected by federal law; Defendant's Notice of Privacy Practices promised to protect the privacy of her PHI as required by law; Defendant promised to obtain written permission before disclosing her PHI for marketing purposes; Defendant did not notify her its web properties were collecting her PHI or sending it to Meta; and the collection and transmission of her PHI to Meta happened instantaneously, invisibly, and without notice. *Id.* at ¶¶4, 8, 11, 65-83, 150, 161-165 [Doc. 1].

The Court's (and Defendant's) failure to consider whether the *Murphy* complaint was highly publicized, or involved commonly-known facts, demonstrates a clear break from binding precedent and reveals the lack of any factual basis to find Plaintiff had reason to know of her injuries or claims on November 22, 2022. The Court's decision to resolve these issues without discovery also prevented it from considering the critical and undisputed fact that Plaintiff did not communicate with counsel about, or retain counsel to pursue, her claims until March 2025.[5]

### C. The Court Failed To Follow Binding Precedent Dictating That *American Pipe* Tolling Applies To Subsequently Pled Class Claims So Long As Class Certification Was Not Denied In The First Action

The Court cited *China Agritech v. Resh,* 584 U.S. 732, 736 (2018), for the proposition that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations" and concluded that "because Plaintiff seeks to bring a class action ECPA complaint, the *Murphy* case did not toll the statute of limitations from the date it was filed." Aug. 3, 2026 Opinion, p.12 [Doc. 25]. The Court's analysis ignores that the rule stated in *China Agritech* turned on a specific event that does not exist here: a class certification denial.

In *China Agritech*, two prior class actions, one filed by Dean and another by Smyth, litigated the propriety of class certification and *had their respective motions denied*, Dean's on numerosity grounds and Smyth's on typicality and adequacy grounds. *China Agritech,* 584 U.S. at 737. Thereafter, a third plaintiff, Resh, filed a new class action after the applicable limitations period and argued for tolling. *Id*. at 732, 738. The Supreme Court reached a narrow, specific holding: "*Upon denial of class certification*, a putative class member may not, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew

[5] On a motion to dismiss, drawing all reasonable inferences from in this fact in Plaintiff's favor, *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009), this fact should have caused the Court to conclude Plaintiff did not know about her injuries or claims until approximately 2025.

beyond the time allowed by the applicable statute of limitations." *Id*. at 733 (emphasis added). Thus, by its clear language, the tolling limitation for subsequent class action claims in *China Agritech* does not reach a case where certification was never denied.[6]

*China Agritech* does not support a denial of tolling for Plaintiff's claims here. Resh, the third *China Agritech* plaintiff, waited *a year and a half after* the limitations period to file his case, after two full rounds of class certification litigation had failed. On those facts, the Supreme Court found Resh had not been diligent. *Id*. at 743 ("a would-be class representative who commences suit after expiration of the limitation period [] can hardly qualify as diligent"). Here, however, Plaintiff filed *one day after* dismissal based on a standing defect specific to the earlier plaintiffs. As such, the Court should have considered Plaintiff a diligent "would-be class representative" whom *American Pipe* tolling was designed to protect. *Id*. *China Agritech* was also concerned with preventing "indefinite," serial attempts to relitigate class issues after a denial of class certification. *Id*. at 738-39, 743. Here, however, because the *Murphy* plaintiffs never sought class certification and the *Murphy* court never ruled on class certification, this Court erred by denying Plaintiff the single opportunity for class certification Rule 23(c)(1)(A) clearly provides.

Defendant's reliance on *Blake v. JP Morgan Chase,* 927 F.3d 701, 709 (3d Cir. 2019), does not require a different result. *Blake* plainly contains the phrase Defendant cites: "*China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period." *Blake,* 927 F.3d at 709. This phrase has a specific context: to reject the *Blake* plaintiffs' argument that a still-pending, wholly separate class action tolled a new one and discourage potential

[6] In *China Agritech*, Justice Sotomayor suggested more cases should qualify for tolling, for example where class certification had been denied for reasons unrelated to class suitability. *Id*. at 753, *citing Yang v. Odom*, 392 F.3d 97, 112 (3d Cir. 2004). The majority rejected this suggestion, holding: "Rule 23 contains no instruction to give denials of class certification different effect based on the reason for the denial." *Id*. at 744 (n.5). In doing so, it maintained the core principle that tolling should extend to claims where class certification was never denied.

plaintiffs from seeking "second bites at the apple." *Id*. at 709-10. At the same time, however, *Blake* expressly refused to apply the "no *American Pipe* tolling, period" principle to plaintiffs seeking to be substituted-in to pursue existing claims. *Blake*, 927 F.3d at 710 ("we do not reach [the] substitution of proposed class representatives... Our holding [] is limited to *American Pipe* tolling and its inapplicability to successive class actions").

The instant case, which Plaintiff filed the day after this Court denied her substitution motion, sought merely to continue the class members' claims – not serve as a new or independent class action seeking to piggyback on a finished one. In this analysis, the importance of Plaintiff first seeking to continue the *Murphy* case through substitution rather than filing an independent class action, and only filing this action after the Court denied her substitution motion, cannot be overstated. Because Plaintiff filed her Complaint only after the procedural vehicle for her substitution in *Murphy* was foreclosed, this case fits the exact exclusion *Blake* preserved by expressly declining to foreclose *American Pipe tolling* for the claims of substitute plaintiffs. *Blake*, 927 F.3d at 709 (n.6).

Nor does the rationale for *Blake's* holding limit the extension of *American Pipe* tolling here. The central concern in *Blake* was that plaintiffs would "exhume failed class actions by filing new, untimely class claims." *Id*. at 710. A class action "fails" only when its class theory is tested and rejected, as in *China Agritech*. However, neither *Murphy* nor this case either tested or refuted Plaintiff's entitlement to class certification. Because class certification has not been denied, there is nothing here to "exhume." *Id*. Further, allowing tolling in this case would not justify "endless tolling" for a potentially infinite chain of class claims. *Id*. All that exists here is one prior action, one dismissal on a threshold ground, and one immediate refiling. Tolling the class members' claims under these circumstances does not create a slippery slope toward serial re-litigation

because there is no class certification ruling to "relitigate." [7]

### D. If The Court Does Not Grant Reconsideration, It Should Allow An Interlocutory Appeal

#### 1. Controlling Question Of Law

Plaintiff's opening brief explains that a controlling question of law exists here because, if this Court applied the wrong standard in granting Defendant's Motion to Dismiss, mistakenly imputed Plaintiff with knowledge of her claims, or incorrectly applied *American Pipe* tolling, *see* Sections A-C, above, its erroneous rulings will be reversed on a final appeal. Plaintiff's Mem., pp.8-9 [Doc. 27-1]. Defendant disagrees with Plaintiff's underlying arguments, Def. Opp. at p.6 [Doc. 29], but has no basis to deny that, if any of this Court's holdings are erroneous, it would demonstrate the existence of a controlling question of law justifying interlocutory review. As a result, this Court has discretion to allow interlocutory review. *E.I. DuPont de Nemours v. Rhone Poulenc Fiber & Resin Intermediates*, 269 F.3d 187, 203 (3d Cir. 2001) ("Congress [has conferred] on district courts first line discretion to allow interlocutory appeals"); *Fleetwood Servs., LLC v. Complete Bus. Sols. Grp., Inc*., 2019 WL 2106198, *4 (E.D. Pa. May 14, 2019) ("a district court may, in its discretion, certify an interlocutory order for immediate appeal").

#### 2. Difference Of Opinion

Plaintiff's opening brief points to binding precedent on three key issues this Court did not follow in granting Defendant's Motion to dismiss. Plaintiff's Mem. at p.9 [Doc. 27-1]. *See*

---

[7] The decision in *Aly v. Valeant Pharma,* 1 F.4th 168, 172 (3d Cir 2021), a case about tolling individual claims, further supports Plaintiff's argument. *Aly* applies *American Pipe* tolling to putative class members' individual claims whether filed before or after a class certification ruling. *Aly,* 1 F.4th at 176. In so doing, *Aly* avoids duplicative litigation by sparing class members from having to guess if they need to sue individually. Here, Plaintiff faced similar uncertainty about whether the clock was running on her claims after the Court dismissed *Murphy* on standing grounds without addressing class certification. The logic behind *Aly's* tolling of individual claims continuously from a class action filing until certification is resolved, applies equally here.

Sections A-C, above. Defendant merged its opposition to this prong with its previous argument, simply citing a case for the proposition that "A party's strong disagreement with the Court's ruling does not constitute a substantial ground for difference of opinion." Def. Opp. at p.6 [Doc. 29], *citing Karlo v. Pittsburgh Glass Works, LLC,* 2014 WL 12539666, *1 (W.D. Pa. July 3, 2014). Because Defendant does not address the substance of Plaintiff's argument concerning the existence of "one or more difficult and pivotal questions of law not settled by controlling authority," *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP,* 2025 WL 2918761, *1 (E.D. Pa. Oct. 13, 2025), this Court has discretion to allow interlocutory review. *E.I. DuPont de Nemours*, 269 F.3d at 203; *Fleetwood Servs*., 2019 WL 2106198 at *4.

**3. Advancing Termination Of The Litigation**

Plaintiff previously argued that the discovery, litigation, and trial of her claims will be substantially more efficient, streamlined, and economical if all her claims proceed together through this process, rather than piecemeal (*i.e.,* both now and after a final appeal). Plaintiff's Mem. at pp.9-10 [Doc. 27-1], *citing Peace Church,* 2025 WL 2918761 at *3; *Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC,* 2016 WL 354881, *3-4 (E.D. Pa. Jan. 28, 2016). After this Court's recent ruling, the economies that will advance the termination of this litigation are only possible if an interlocutory appeal is allowed so the Third Circuit can conclusively determine which of her claims should proceed. Plaintiff's Mem. at pp.9-10 [Doc. 27-1]. Defendant simply answers that "Plaintiff has it backwards," because an interlocutory appeal should not be allowed unless it will end the litigation. Def. Opp. at p.7 [Doc. 29] (citing cases). The recent *Peace Church* decision, directly on-point, makes clear this is simply not true:

> A key consideration to this determination is the avoidance of harm to a party from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC*, 2016 WL

> 354881, *3-4 (E.D. Pa. Jan. 28, 2016); *see also Meyers v. Heffernan*, 2014 WL 7336792, *4 (D.N.J. Dec. 22, 2014) (noting that the third element is met "where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive"). If this case is permitted to proceed, it will involve extensive fact and expert discovery at significant expense to the parties and complex damages and liability issues that could complicate trial. The purpose of Section 1292(b) is to avoid "a wasted protracted trial if it could early be determined that there might be no liability." *Katz v. Carte Blanche Corp*., 496 F.2d 747, 754 (3d Cir. 1974), citing legislative history of Section 1292(b). The third element is also met.

*Peace Church,* 2025 WL 2918761 at *3 (allowing interlocutory appeal). In a complicated case, with multiple claims and the parties anticipate extensive, costly discovery, allowing an interlocutory appeal can plainly be seen to advance the termination of the litigation. *Id.*

## II. CONCLUSION

The Court's Aug. 3, 2026 Opinion [Doc. 25] granted Defendant's Motion to Dismiss Plaintiff's ECPA, breach of contract, and privacy claims as time-barred without considering substantial record evidence informing Plaintiff's entitlement to tolling under the discovery rule, after imputing Plaintiff with knowledge of an unpublicized claim filed three years earlier, and after disregarding binding authority dictating *American Pipe* tolling applies in subsequently-filed class actions where class certification has not been previously denied. To correct these clear errors this Court should: 1) grant Plaintiff's Reconsideration Motion: 2) vacate its August 3, 2026 Opinion and Order [Docs. 25-26] to the extent they grant Defendant's Motion to Dismiss and dismiss Plaintiff's ECPA, breach of contract, and privacy claims as time-barred; and 3) enter a new Opinion denying Defendant's Motion to Dismiss. In the alternative, the Court should grant Plaintiff leave for an interlocutory appeal addressing this Court's dismissal of these claims.

Respectfully submitted,

Dated: September 6, 2026

*/s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS LLC
170 S. Independence Mall West #901
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

James B. Zouras
STEPHAN ZOURAS LLC
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550
jzouras@stephanzouras.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies to causing a copy of the foregoing Reply to be served upon all record counsel by electronically filing this document today *via* this Court's ECF system.

Dated: September 6, 2026 */s/ David J. Cohen*