**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CATHRYN THORPE**<br>**Plaintiff,**<br>**v.**<br>**THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.,**<br>**Defendant.** | **CIVIL ACTION NO. 25-7167** |

# MEMORANDUM OPINION

**Rufe, J.** **September 29, 2026**

Plaintiff Cathryn Thorpe has filed a Motion for Reconsideration or, in the Alternative, Interlocutory Appeal, requesting that the Court reconsider its August 3, 2026 Opinion and Order dismissing some of Plaintiff's claims as untimely. For the reasons explained below, the Motion will be denied.

## I. BACKGROUND

Plaintiff filed a Complaint against Thomas Jefferson University Hospitals, bringing five claims on behalf of a proposed class: violation of the Electronic Communications Privacy Act ("ECPA"), breach of contract, negligence, intrusion upon seclusion – invasion of privacy, and unjust enrichment. The claims arise out of Defendant's alleged use of Meta Platforms, Inc.'s advertising technology on Defendant's website.

Defendant moved to dismiss the complaint, arguing that the claims were barred based on the applicable statutes of limitations. This Court determined that, from the face of the complaint, it was apparent that Plaintiff knew or should have known of her claims through the exercise of due diligence when a nearly identical complaint in *Murphy v. Thomas Jefferson University*

*Hospitals* was filed.[1] Taking judicial notice of the existence of the *Murphy* complaint and its claims, the Court recognized that other plaintiffs raised identical claims against Defendant in 2022. Thorpe, represented by the same attorney as the *Murphy* plaintiffs, did not file her complaint until 2025. Because the Pennsylvania discovery rule only "tolls the statute of limitations during the 'plaintiff's complete inability, due to facts and circumstances not within his control, to discover an injury despite the exercise of due diligence,'"[2] and because another plaintiff did exercise due diligence and discovered the injuries in 2022, the Court determined that the statutes of limitations began to run, at the latest, upon the filing of the *Murphy* Complaint.

Because Plaintiff's claims under the ECPA, for negligence, and for invasion of privacy were subject to statutes of limitations of one or two years, and because over two years passed between filing of the *Murphy* and *Thorpe* complaints, the Court determined that the claims were barred. Because the statutes of limitations for breach of contract and unjust enrichment are four years, those claims were not barred.

The Court also declined to apply *American Pipe & Construction Co. v. Utah* tolling to the claims because this tolling applies only to claims brought on behalf of individual former class members.[3] *American Pipe* tolling does not apply to follow-on class action claims. Because Thorpe brings exclusively class action complaints, *American Pipe* tolling does not toll the statute of limitations for her claims. Accordingly, Thorpe's claims for violation of the ECPA, negligence, and invasion of privacy were dismissed, and Plaintiff's claims for breach of contract and unjust enrichment survived the motion to dismiss. Now, Plaintiff seeks reconsideration of

[1] No. 22-cv-4674.

[2] *Barnes v. Am. Tobacco Co*., 161 F.3d 127, 152 (3d Cir. 1998) (quoting *Kingston Coal Co. v. Felton Mining Co*., 690 A.3d 284, 288 (Pa. 1997)).

[3] 414 U.S. 438 (1974).

the Court's Opinion on the Motion to Dismiss. Alternatively, Plaintiff seeks certification for interlocutory appeal.

## II. Legal Standard

A party seeking reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[4] "[M]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."[5]

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if "[1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and . . . [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[6] The burden is on the party seeking certification to establish that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment."[7]

A controlling question of law is one which, at a minimum, would be reversible error on final appeal if decided erroneously.[8] A question of law is also controlling if it is "serious to the

---

[4] *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[5] *Calhoun v. Mann*, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citation omitted; second alteration in original).

[6] 28 U.S.C. § 1292(b).

[7] *Hall v. Wyeth, Inc.*, No. 10-738, 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010) (quoting *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008)).

[8] *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

conduct of the litigation, either practically or legally."[9] Practically, "saving of time of the district court and of expense to the litigants was deemed by the sponsors to be a highly relevant factor."[10] The key consideration is whether the issue "truly implicates the policies favoring interlocutory appeal. . . . includ[ing] the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense."[11]

## III. DISCUSSION

### A. Motion for Reconsideration

Plaintiff makes three arguments in favor of reconsideration. All three fail. First, she argues that the Court made a clear error of law or fact in ruling on statute of limitations and tolling grounds when considering a Motion to Dismiss. She claims that "deciding the timeliness of her claims is an inherently fact-based determination not capable of resolution on a motion to dismiss."[12] While typically statutes of limitations are factual determinations, "the Third Circuit allows a statute of limitations defense to be raised by motion under Rule 12(b) [when] the timeliness issue [is] apparent from the face of the complaint."[13] Plaintiff argues that the Court improperly took judicial notice of the *Murphy* case filing.[14] However, in resolving a Rule 12(b)(6) motion, including regarding a statute of limitations issue, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."[15]

---

[9] *Id*.

[10] *Id*.

[11] *Id*. at 756.

[12] Pl's. Mem. L. Supp. Mot. for Reconsideration at 2 [Doc. No. 27-1].

[13] *Ruttle v. Brady*, 2023 WL 5554648, at *1 n.3 (3d Cir. 2023); *see also Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

[14] Pl's. Mem. L. Supp. Mot. for Reconsideration at 3 [Doc. No. 27-1].

[15] *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd*., 181 F.3d 410, 426 (3d Cir. 1999).

The Court, therefore, did not make a clear error of law or fact in ruling on the statute of limitations issue or in taking judicial notice of the *Murphy* filing.

Second, Plaintiff argues that the Court made a clear error of law or fact in applying the discovery rule and "imputing Plaintiff with personal knowledge of her claims because of another case filed three years earlier."[16] This argument reflects a manifest misunderstanding of the discovery rule and the Court's opinion. The discovery rule requires inquiry notice, which arises when "a plaintiff either was or should have been able, in the exercise of reasonable diligence, to file an adequately pled . . . complaint as of an earlier date."[17] In this case, another plaintiff actually was able to, in the exercise of reasonable diligence, file an adequately pled complaint making identical claims in 2022. Thus, the Court reasoned that the date of filing was the latest date on which a plaintiff would be on inquiry notice of the claims.

The Court did not impute actual or constructive knowledge of the *Murphy* complaint to Plaintiff. Rather, the Court found that the existence of *Murphy* complaint contradicted Plaintiff's claims that she could not have discovered the basis for her claims prior to filing her complaint through the exercise of reasonable diligence. As *Miller v. Philadelphia Geriatric Center*, which Plaintiff cites, holds: "It matters not what the particular plaintiff actually knew, but what he reasonably should have known."[18] The filing of the *Murphy* complaint plainly establishes that a reasonable plaintiff in Thorpe's position could have discovered the basis for her claims through the exercise of due diligence. Accordingly, the Court did not make a factual finding when the claims accrued, but it made a determination that the latest date on which the claims could have

[16] Pl's. Mem. L. Supp. Mot. for Reconsideration at 3 [Doc. No. 27-1].

[17] Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 401 (3d Cir. 2006).

[18] 463 F.3d 266, 275 (3d Cir. 2006).

accrued was when the *Murphy* complaint was filed. The Court did not make a clear error of law in its application of the discovery rule.

Third, Plaintiff argues that the Court erred in ruling that *American Pipe* tolling does not apply to Plaintiff's class action claims. Plaintiff's Motion represents a clear misunderstanding of American Pipe, and even cites the *overturned Ninth Circuit reasoning* from *China Agritech v. Resh* to support her argument.[19] The Supreme Court unquestionably ruled in *China Agritech* that "*American Pipe* does not permit the maintenance of a follow-on class action past the expiration of the statute of limitations."[20] This is true even where, as here, the first-filed class action had not reached class certification.[21] The Court made no clear error of law in determining that *American Pipe* tolling does not apply to Plaintiff's class action claims.

The Motion for Reconsideration will be denied.

**B. Motion to Certify Interlocutory Appeal**

When the Court is of the opinion that an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," it may grant permission to appeal pursuant to 28 U.S.C. § 1292(b).[22] The decision to grant interlocutory appeal is within the discretion of the district court.[23]

---

[19] 584 U.S. 732, 738 (2018).

[20] *Id*. at 736.

[21] *Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 704, 709-10 (holding that the *China Agritech* rule applied to prevent tolling of a follow-on class action claim where the original class action was dismissed as untimely). While Plaintiff argues that the Court did not reach the issue of class certification in Murphy, the Court notes that the *Murphy* plaintiffs missed the deadline to file for class certification, so there was never a class certification request for the Court to consider. Further, because *American Pipe* tolling does not apply to class action claims, the procedural outcome for the end of the prior proposed class action is irrelevant.

[22] 28 U.S.C. § 1292(b).

[23] *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

There is no question that the Court's order dismissing the ECPA, negligence, and invasion of privacy claims involves a controlling question of law, as it would be reversible on appeal if decided erroneously.[24] However, Third Circuit and Supreme Court precedent precludes any substantial ground for difference of opinion the question, and an immediate appeal of the order would not materially advance the termination of the litigation.

Substantial ground for difference of opinion exists "where there is genuine doubt or conflicting precedent as to the correct legal standard."[25] As explained above, the precedent controlling the Court's opinion is neither conflicting nor in doubt. Third Circuit case law unambiguously forecloses Plaintiff's arguments as to the Court's ruling on the statute of limitations based on the face of the complaint,[26] taking judicial notice of *Murphy*,[27] finding inquiry notice in this case,[28] and holding that *American Pipe* tolling does not apply to Plaintiff's class action claims.[29] Plaintiff points to no authority that would put the force of this precedent in doubt.

Furthermore, an interlocutory appeal would more likely hinder than advance the ultimate termination of this litigation. A petition for interlocutory appeal will generally be denied when a successful appeal would neither narrow nor dispose of issues in the case.[30] Plaintiff claims that

---

[24] *Katz*, 496 F.2d at 755.

[25] *Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 796, 805 (E.D. Pa. 2011).

[26] *Robinson*, 313 F.3d at 135 ("*If the bar is not apparent on the face of the complaint*, then it may not afford the basis for a dismissal of the complaint . . . ." (emphasis added)).

[27] *S. Cross Overseas Agencies*, 181 F.3d at 426 ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition the allegations in the complaint.").

[28] *Miller*, 463 F.3d at 275 ("It matters not what the particular plaintiff actually knew, but what he reasonably should have known.").

[29] *Blake*, 927 F.3d at 709 ("*China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period." (citing *China Agritech*, 584 U.S. at 748)).

[30] *L.R*, 540 F. Supp. 2d at 613.

the litigation will be "substantially more efficient and streamlined if all her claims proceed together,"[31] but, on the contrary, a successful appeal would only delay and broaden the scope of discovery and trial in this case. Where, as here, the case will apparently proceed to discovery regardless of whether some of the claims involved are dismissed, "allowing for an interlocutory appeal would further delay, not advance, the termination of [the] litigation."[32]

As the Court's order dismissing Plaintiff's ECPA, negligence, and invasion of privacy claims does not meet all of the requirements of § 1292(b), the Motion to Certify Interlocutory Appeal will be denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion will be denied in full. An order will be entered.

---

[31] Pl's. Mem. L. Supp. Mot. for Reconsideration at 9 [Doc. No. 27-1].

[32] *Jackson v. Rohm & Haas Co.*, No. 05-cv-4988, 2007 WL 2916396, at *1 (E.D. Pa. Oct. 5, 2007); *see also Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, No. 19-cv-5377, 2025 WL 2918761, at *3 (E.D. Pa. Oct. 13, 2025) (certifying for interlocutory appeal an order *denying* a motion to dismiss because a successful appeal would avoid possibly wasted trial time and litigation expense).